OSBURN, A MINOR, ET AL., *v.* SAVAGE ARMS CORPORATION ET AL.

(No. 80-0362—Decided November 18, 1980.)

Court of Common Pleas of Lucas County.

*Gallon, Kalniz & Iorio Co., L.P.A.,* and *Mr. David Zoll,* for plaintiffs.

*Messrs. Shumaker, Loop & Kendrick, Mr. Robert G. Clayton, Jr.,* and *Mr. Jack G. Fynes,* for defendant Savage Arms Corp.

*Mr. Frank E. Kane* and *Ms. Cecilia M. Martaus,* for defendant Herb's Sporting Goods.

RESNICK, J. This case is before the court upon the defendants' motion to dismiss the claim of plaintiffs, Ray and Caroline Osburn. The cause was submitted on the pleadings and the briefs of counsel. In consideration of the same, the court finds that the defendants' motion is well taken and it is hereby granted.

This cause of action arose out of a complaint brought by the plaintiffs, Ray and Caroline Osburn and their son John, alleging negligence and strict liability against the defendants and seeking compensatory damages for John's personal injuries plus payment of medical expenses incurred by the parents. Defendants have moved to dismiss the claim for the recovery of medical expenses put forth by Ray and Caroline Osburn on the ground that they have failed to commence their action within the applicable four-year statute of limitations (R. C. 2305.09). Plaintiffs, on the other hand, have contended that under Civ. R. 19.1(A)(3), Ray and Caroline Osburn's interests are joint and inseparable from those of their son, and therefore, his disability inured to their benefit and tolled the running of the statute of limitations on their claim.

In Ohio, it is well established that a court may grant a motion to dismiss a complaint for failure to state a claim upon which relief can be granted only if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. See *O'Brien* v. *University Com-*

*munity Tenants Union* (1975), 42 Ohio St. 2d 242; *Steffen* v. *General Telephone Co.* (1978), 60 Ohio App. 2d 144; *Kodish* v. *Public Employees Retirement Bd.* (1975), 45 Ohio App. 2d 147. In the case at bar, the parties are in agreement that when a child is injured by the negligent act of another party, the parents of that child have four years to commence a derivative action for the loss of the child's services and for any expenses incurred thereby. See R. C. 2305.09(D); *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99. The parties further agree that the claim of Ray and Caroline Osburn was filed more than four years after the cause of action accrued. The only issue, therefore, is whether it is beyond doubt that the Ohio disability statute (R. C. 2305.16), which tolled the running of the statute of limitations for John Osburn's claim, does not extend to the claim of his parents. This court finds that the Ohio disability statute does not extend to the claim of Ray and Caroline Osburn in this case.

R. C. 2305.16 states in relevant part:

"***if a person entitled to bring any action***is, at the time the cause of action accrues, within the age of minority ***, such person may bring it within the respective times *** after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all."

The plaintiffs have argued based on this statute that the disability of John Osburn, caused by his minority at the time the cause of action accrued, inured to the benefit of his parents. This argument is valid, however, only if the interests of the parents are joint and inseparable from those of their son. Plaintiffs contend that these interests are inseparable, relying on Civ. R. 19.1 which states in relevant part:

"(A) Persons to be joined. A person***shall be joined as a party in the action***if he has an interest in or a claim arising out of the following situations:***(3) Personal injury or property damage to a minor and a claim of the parent or guardian of the minor for loss of services or expenses or property damage if caused by the same wrongful act***."

Defendants, however, have argued that, notwithstanding Civ. R. 19.1(A)(3), the claim of Ray and Caroline Osburn is a separate and independent cause of action which precludes

them from obtaining the benefit of having the statute of limitations tolled by the disability statute (R. C. 2305.16).

Plaintiffs have reasoned that since Civ. R. 19.1(A)(3) requires compulsory joinder of claims of a minor for personal injury with those of his parents for medical expenses incurred thereby, such claims must be joint and inseparable. This is not the law in Ohio, however, as it is established that an action by a third party (either a spouse or parent) for loss of services or medical expenses is a separate and independent cause of action apart from that cause of action by the injured party for bodily harm. See *Layne* v. *Huffman* (1974), 43 Ohio App. 2d 53, affirmed 42 Ohio St. 2d 287 (1975); *Whitehead* v. *General Tel. Co.* (1969), 20 Ohio St. 2d 108; *Kraut* v. *Cleveland Ry. Co.* (1936), 132 Ohio St. 125; *Overton* v. *Riverside Hospital* (1976), No. L-76-147, Lucas Co. Ct. of App., unreported. As stated at paragraph three of the syllabus in *Whitehead* v. *General Tel. Co., supra:* *

"Where a defendant negligently causes injury to a minor child, that single wrong gives use to two separate and distinct causes of action: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses."

The claim of plaintiffs Ray and Caroline Osburn for medical expenses, then, is clearly separate and distinct from the claim of their son, John Osburn.

Plaintiffs have argued, however, that even if the causes of action of the parties are separate, the *interests* of the parties are joint and inseparable, and it is their interests which the disability statute (R. C. 2305.16) covers. While being of the opinion that the distinction made by the plaintiffs is inappropriate, this court finds that even if such a distinction is valid, the interests, as well as the causes of action of the parties, are separate and distinct. Again, in *Whitehead* v. *General Tel. Co., supra,* the Supreme Court of Ohio specifically stated, at page 115:

"***the parent's cause of action for loss of services and medical expenses of the minor child, although derivative, does not arise by way of succession from an estate or interest of the

---

* Although the reasoning in this case was subsequently questioned in the case of *Moore* v. *Baker* (1970), 25 Ohio Misc. 140, 143 (Clermont Co. Ct. of Common Pleas), this court finds that it remains the applicable law in Ohio.

minor child. The *interest,* as well as any possible recovery, *was solely that of the parents.* Thus, the minor child and her parents are not in privity." (Emphasis added.)

Similarly, in this case, the interest of the parents in recovering the medical expenses they incurred because of their son's injuries was solely their own interest, which was separate and distinct from the interest of their son in being compensated for his injuries.

Plaintiffs have further argued that under Civ. R. 19.1(A)(3), plaintiffs Ray and Caroline Osburn are parties who must be joined in the action of their minor son, and, therefore, that their interests must be joint and inseparable. Civ. R. 19.1 was developed, however, to preclude a party from having to litigate multiple suits based on the same question of liability and to avoid the possibility of inconsistent results. See *Layne* v. *Huffman, supra.* The rule does not render the parents of a minor child injured by the alleged negligence of another an indispensable party to the action of the minor. See *Layne* v. *Huffman, supra; Whitehead* v. *General Tel. Co., supra; Overton* v. *Riverside Hospital, supra.* In fact, the required joinder of Civ. R. 19.1 can be waived by the failure of a defendant to timely assert the defense thereby allowing the two actions to be separately maintained. See *Layne* v. *Huffman, supra.*

In short, even though Civ. R. 19.1(A)(3) would require the joinder of Ray and Caroline Osburn's claim with that of their son John's claim if the defense of joinder was timely asserted by the defendants, it does not make the parent's claim joint and inseparable nor does it protect that claim from the running of the statute of limitations. To do so would frustrate the purpose of the statute of limitations by allowing the litigation of stale claims after the facts concerning them have been obscured by time.

Finally, the case of *Overton* v. *Riverside Hospital, supra,* is clearly on point. While plaintiffs are correct that the cases are slightly different since the disability of the minor in *Overton* had been removed at the time the parents' derivative claim expired, it is the opinion of this court that the difference is irrelevant to the issue at bar and that the language of the court's opinion in *Overton* is dispositive of the applicability of

Civ. R. 19.1(A)(3). In *Overton,* the Lucas County Court of Appeals, at page 6, stated:

"While Civil Rule 19.1 has merit in that it espouses the principle that a defendant should not be vexed with more than one lawsuit pertaining to the same general subject matter; nevertheless, the claim of the plaintiff, Ronald Overton (parent) is separate from the claim of the co-plaintiff, Maschelle Overton (minor child). See, *Layne* v. *Huffman,* 42 Ohio St. 2d 287 (1975); *Kraut* v. *Cleveland Ry. Co.,* 132 Ohio St. 125 (1936)***."

In sum, the claims of the plaintiffs herein are separate and distinct, and, therefore, the Ohio "disability statute" does not extend to the claim of plaintiffs Ray and Caroline Osburn for medical expenses. Their claim was governed by the four-year statute of limitations of R. C. 2305.09(D) and had to be commenced within that time. Since it was not commenced within that time period, and since the disability statute does not extend to their claim, such claim was not timely filed and must be dismissed.

It is therefore ordered, adjudged and decreed that defendants' motion to dismiss the claim of Ray and Caroline Osburn for medical expenses incurred on behalf of their injured son is hereby granted. Pursuant to Civ. R. 54(B), there being no just cause for delay, their cause is dismissed with prejudice. The cause of plaintiff John Osburn is continued for further proceedings in accordance with the law.

*Motion to dismiss granted.*