SEGUIN ET AL., APPELLANTS, *v.* GALLO ET AL., APPELLEES.

(No. 48803—Decided April 1, 1985.)

Robert M. Cikraji, for appellants.
Edward J. Cass, for appellees.

JACKSON, P.J. Appellant Kenneth Seguin suffered a serious injury to his left eye on April 18, 1977. At the time, appellant was fourteen years old and a newspaper carrier for the Cleveland Press. The accident occurred while appellant was attempting to remove a wire wrapper from a stack of newspapers. Appellant now alleges that the injury was proximately caused by the negligence of another Press carrier, Arthur Gallo.

On May 25, 1983, appellant and his parents filed the instant suit for damages against Gallo and Gallo's parents. The appellees raised the defense of statute of limitations. Through discovery, appellees ascertained that appellant had reached the age of majority on December 27, 1980. On motion, the trial court granted sum-

mary judgment in favor of all defendants.

Appellant and his parents contend that the trial court erred in granting summary judgment against them. Their arguments will be considered separately.

## I

The claims of appellant Kenneth Seguin are governed by R.C. 2305.10, which provides in pertinent part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Since appellant was a minor at the time his cause of action accrued, the statute of limitations was tolled until his eighteenth birthday, by operation of R.C. 2305.16 ("Disabilities; tolling of statute of limitations"), which provides in pertinent part:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, *if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed.* When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all." (Emphasis added.)

Appellant became eighteen years old on December 27, 1980. Therefore, his complaint (filed May 25, 1983) was not timely filed within the two-year statute of limitations.

Appellant suggests, however, that he remained under legal disability until November 29, 1982. On that date, the probate court approved a final accounting in a parental guardianship of which appellant was the ward.[1] Appellant points out that R.C. 2131.02 includes within the definition of legal disability "[p]ersons under guardianship of the person and estate, or either."

The problem with appellant's argument is that R.C. 2131.02, by its terms, does not apply to the tolling statute, R.C. 2305.16. Furthermore, R.C. 2305.16 specifically lists the disabilities which will toll the statute of limitations; guardianship is not mentioned. In any event, the guardianship ceased *ipso facto* when the ward arrived at majority. *In re Estate of Streit* (C.P. 1901), 12 Ohio Dec. 158; see, also, *Lessee of Perry* v. *Brainard* (1842), 11 Ohio 442; Woerner, American Law of Guardianship (1897) 365, Section 109.

Because appellant's complaint was not timely filed within two years after his eighteenth birthday, summary judgment against him was proper.

## II

The second subject of consideration is the right of Noel and Sheila Seguin, as parents, to recover for injuries to their son.

"Where a minor child sustains an injury allegedly as the result of negligence of a defendant, two separate and distinct causes of action arise: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses. (Paragraph three of the syllabus of *Whitehead* v. *Genl. Tel. Co.,* 20 Ohio St. 2d 108 [49 O.O.2d 435], approved and followed.)" *Grindell* v. *Huber* (1971), 28 Ohio St. 2d 71 [57 O.O.2d 259], paragraph one of the syllabus. See, also, *Norvell* v. *Cuyahoga County Hospital* (1983), 11 Ohio App. 3d 70.

---

[1] Apparently the guardianship was established during appellant's minority, in order to prosecute claims against the Cleveland Press.

Under the statute of limitations applicable to their derivative action (R.C. 2305.09), the Seguins had four years in which to file a complaint. However, the fact of Kenneth's minority had no effect on the ability of his parents to bring their separate action. See *Osburn* v. *Savage Arms Corp.* (1980), 66 Ohio Misc. 1 [20 O.O.3d 82]; cf. *State* v. *Reynolds* (1982), 7 Ohio App. 3d 59. Therefore, the four-year limitations period began to run on April 18, 1977, the date of Kenneth's accident. The Seguins' complaint, filed May 25, 1983, was more than two years too late. The trial court did not err in entering summary judgment against them.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and COX, JJ., concur.

COX, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.