Jeffrey and Joanne MYER, h/w, Individually, and on Behalf of Their Minor Daughter, Jennifer Myer, Plaintiffs,

v.

Thomas E. DYER, M.D., Luke Ma, M.D., Wilmington Medical Center, Milford Memorial Hospital, Katherine L. Esterly, M.D., N. Salam, M.D., Mary Ellen Brown, R.N. and A. Pendrachi, R.N., Defendants.

Superior Court of Delaware, New Castle County.

Submitted: Feb. 24, 1987.
Decided: April 10, 1987.

Bruce W. Tigani, of Lord & Mulligan, Wilmington, Nancy H. Fullam, of Beasley, Hewson, Casey, Colleran, Erbstein & Thistle, Philadelphia, Pa., for plaintiffs.

Victor F. Battaglia, and Wayne A. Marvel, of Biggs & Battaglia, Wilmington, for defendant Esterly.

MARTIN, Judge.

This is the Court's decision on defendant Dr. Esterly's motion to dismiss and for judgment on the pleadings.

On or about May 15, 1986 plaintiffs Jeffrey and Joanne Myer ("the Myers") initiated this medical malpractice action individually and on behalf of their daughter Jennifer against Wilmington Medical Center, Milford Memorial Hospital and others named in the Complaint including Dr. Esterly. The claims arise from the care and treatment rendered the daughter from her June 15, 1982 birth through September 14, 1982.

After having filed her Answer, Dr. Esterly has moved to dismiss based upon allegations that the Complaint fails to meet Delaware's statutory pleading requirements including the applicable statute of limitations.

■ Dr. Esterly's initial assertion in support of her position is based upon 18 *Del.C.* Section 6853, which requires a plaintiff to present expert medical testimony as to the alleged deviation from the applicable standard of care before a finding of negligence can be made. This requirement need not, however, be fulfilled at the pleading stage. Parties to civil actions in Delaware are not required to plead evidentiary matters in order to withstand judicial scrutiny at the pleading stage. *See generally, Delaware Valley Drug Co. v. Kline,* 51 Del. 242, 144 A.2d 403 (1958); *Bullock v. Maag,* 47 Del. 519, 94 A.2d 382 (1952).

Dr. Esterly further asserts that numerous individual subparagraphs of the Complaint are insufficient.

Those subparagraphs read as follows:

"(a) failure to conform to the requisite standard of medical care;

(b) failure to provide and render reasonable medical care under the circumstances;

(c) failure to render reasonable medical care by failing to provide appropriate and necessary post-natal care;

(d) failure to render reasonable medical care by failing to provide a perinatal transport team for minor-plaintiff Jennifer Myer's transport following delivery at Milford Memorial Hospital;

(e) failure to render reasonable medical care by failure to prevent minor-plaintiff Jennifer Myer's oxygen deprivation;

(f) failure to render reasonable medical care by failing to monitor minor-plaintiff Jennifer Myer's condition;

(g) failure to render reasonable medical care by failing to order appropriate and necessary administration of oxygen;

(h) failure to render reasonable medical care by premature and improper termination of CPAP for minor-plaintiff on June 23, 1982 and June 24, 1982;

(i) failure to provide reasonable medical care by failing to order and administer appropriate and necessary medications;

(j) failure to provide properly selected, trained, and supervised agents, ostensible agents, servants and employees;

(k) failure to properly advise and inform plaintiffs of all the risks and consequences of, and alternatives to, the proposed procedures, treatment, or lack thereof;

(*l*) failure to render reasonable medical care by failing to promptly communicate medically significant changes in minor-plaintiff's condition to the appropriate medical and physician personnel;

(m) failure to render reasonable medical care by failing to order appropriate and necessary consultations;

(n) failure to render reasonable medical care by failure to perform appropriate and necessary tests and to do so in a timely ·fashion;

(*o*) failure to render reasonable medical care by failing to monitor tests performed on minor-plaintiff;

(p) failure to render reasonable medical care by failing to prevent minor-plaintiff's cerebral palsy and other brain damage;

(q) failure to render reasonable medical care by deliberately providing substandard care as a result of plaintiffs' lack of medical insurance coverage;

(r) failure to render reasonable medical care by failing to prevent and to address minor-plaintiff's respiratory acidosis;

(s) failure to render reasonable medical care by failing to prevent minor-plaintiff's perventric;

(t) failure to render reasonable medical care by failing to prevent minor-plaintiff's introperiteneum bleed secondary to trauma from repeated attempts at umbilical venous catheterization;

(u) failure to render reasonable medical care by failure to substitute a peripheral venous line for minor-plaintiff's umbilical venous catheter in a timely fashion;

(v) failure to provide reasonable medical care by failing to insure that all medical equipment was in fully operational condition at the time it was employed in minor-plaintiff's care (including, but not limited to, prevention of CPAP leakage);

(w) failure to render reasonable medical care by failing to prevent minor plaintiff's pulmonary hemorrhage;

(x) failure to render reasonable medical care by improper extubation in June, 1982;

(y) failure to render reasonable medical care by failure to reintubate minor-plaintiff in the early morning hours of June 24, 1982;

(z) failure to render reasonable medical care by failure to prevent minor-plaintiff's cardiogenic shock with impaired metabolic acidosis;

(aa) failure to render reasonable medical care by inappropriate use and inappropriate administration of medications, including, but not limited to, indomethicin, dygoxin, and gentamycin;

(bb) failure to render reasonable medical care by failing to address and alleviate minor-plaintiff's hypotension;

(cc) failure to render reasonable medical care by failing to appropriately monitor and manage minor-plaintiff's body fluid levels;

(dd) failure to render reasonable medical care by failing to adopt and maintain an appropriate approach to blood gas monitoring, including, but not limited to, reliance upon venous blood gas measurements;

(ee) negligence as a matter of law."

█ Superior Court Civil Rule 9(b) requires that averments of negligence be stated with particularity. Authority presented by Dr. Esterly indicates that in order to sufficiently plead negligence, a defendant must be apprised of: (1) what duty, if any, was breached; (2) who breached it, (3) what act or failure to act breached the duty, and (4) the party upon whom the act was performed. *Gunzl v. Osteopathic Hospital Association of Delaware*, Del.Super., C.A. No. 81C–FE–6, Martin, Judge (January 19, 1983). The allegations ·in Paragraph 31 of the Complaint, Dr. Esterly asserts, fail to fulfill such requirements.

The Myers assert that Delaware Courts have consistently taught that the purpose of Rule 9(b) is to apprise the opposing party of the acts or omissions by which it is alleged that a duty has been violated. *Mancino v. Webb*, Del.Super., 274 A.2d 711 (1971). The opposing party must be sufficiently informed of the charges made so as to be able to prepare a defense to them.

█ The Myers contend, and this Court agrees, that Rule 9(b) relates to the specificity with which a cause of action for negligence should be stated. It does not set a standard for what constitutes a cause of action. The fact that Dr. Esterly has filed an Answer indicates to this Court that she was sufficiently informed of the charges made.

█ In a medical malpractice action, it is highly likely that the defendant is in a superior position to adduce the relevant evidence and formulate a defense thereupon. *Gunzl*, supra at 2. According to the teaching of the Court in *Phillips v. Delaware Power and Light Company*, Del.Super., 194 A.2d 690 (1963), the requirement of pleading negligence in accordance with Rule 9(b) must be applied in light of the

particular situation presented by any case. Less particularity is required when the facts lie more in the knowledge of the opposite party, than of the party pleading. *Gunzl*, supra at 2. In the case *sub judice*, it is reasonable to assume that the facts concerning the alleged malpractice are more within Dr. Esterly's knowledge than that of the Myers.

Based on the foregoing discussion, this Court is unable to find as a matter of law that the Complaint fails to meet Delaware's pleading requirements under Rule 9(b). Therefore, to grant Dr. Esterly's motion to dismiss and for judgment on the pleadings would be inappropriate.

---

█ In addition to her motion to dismiss and for judgment on the pleadings based on Rule 9(b) Dr. Esterly contends that the Myers' claim, as individuals, is barred as a matter of law by the statute of limitations. Unfortunately, this Court is left with no alternative but to agree with the proposition.

It is undisputed that this action commenced approximately four years subsequent to the alleged malpractice. 18 *Del.C.* Section 6856(2) provides a statute of limitations for the claims of a minor of either two or three years, or until the minor's sixth birthday.[1] The daughter in this matter had clearly not reached the age of six at the commencement of the action and thus her claim is not barred by the statute of limitations.

A fundamental rule of statutory interpretation states that if a statute as a whole is unambiguous, and there is no reasonable doubt as to the meaning of the words used then the Court's role is limited to an application of the literal meaning of the words. *Coastal Barge Corp. v. Coastal Zone In-*

---

1. 18 *Del.C.* Section 6856: No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of malpractice shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that: (1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter; and (2) A minor under the age of 6 years shall have until the latter of time for bringing such an action as provided for hereinabove or until the minor's 6th birthday in which to bring an action. (60 Del.Laws, C. 373 Section 1.)

*dustrial Control Board,* Del.Supr., 492 A.2d 1242 (1985). Such an interpretation of 18 *Del.C.* Section 6856 would specifically limit the tolling provision of subparagraph (2) to the claim of the minor, and not to the parents.

In the case *sub judice,* although springing from the same alleged wrong, the daughter's action for personal injury and her parents' action for loss of services and medical expenses are predicated upon different rights. Although the issue is one of first impression in Delaware, Dr. Esterly has presented a line of authority in which courts have uniformly applied the statute of limitations to bar the parents' claim while preserving the child's claim. In *Bergstreser v. Mitchell,* D.C.Mo., 448 F.Supp. 10 (1977), parents sued a physician for malpractice as individuals as well as in a representative capacity for their minor son. The Court in *Bergstreser, Id.* at p. 10, found the claims of the parents for loss of their son's services and medical expenses for his care and treatment, to be barred by the statute of limitations while finding the child's claim not barred. The question of whether the child had instituted a claim on his own behalf for medical expenses was not reached by the Court.

Based on the cited authority, this Court must agree that the tolling provision of 18 *Del.C.* Section 6856(2) is meant exclusively to benefit minors and does not inure to the benefit of the parent. *Macku By and Through Macku v. Drackett Products,* 216 Neb. 176, 343 N.W.2d 58 (1984); *Osburn v. Savage Arms Corp.,* 66 Ohio Misc. 1, 419 N.E.2d 1138 (1980); *Robusto v. Johnson,* 87 Misc.2d 76, 385 N.Y.S.2d 246 (1976); *Higgins v. Schneider,* 61 N.J.Super. 36, 160 A.2d 165 (1960). As such, this Court concludes that the parents' claims as individuals, brought approximately four years subsequent to the alleged malpractice must be dismissed as violative of the statute of limitations.

Although this Court accepts that the result of dismissal of the Myers' claims as individuals is a harsh one, it is clear that the statutory scheme intends such a result.

The claims of the Myers on behalf of their daughter, however, will not be dismissed.

Unlike *Bergstreser,* supra at 10—where one complaint was filed for both the parents and the child, Counts I, III, V and VII representing the claims of the child, while Counts II, IV, VI, VIII and X represent the claims of the parents—one complaint was filed in the case *sub judice* with no indication as to which counts refer to either the parents or the child. The parties are simply referred to as "plaintiffs" throughout the body of the Complaint. Therefore this Court declines at this time to reach the issue of whether the child may on her own bring a claim for medical expenses.

Based on the foregoing analysis, this Court concludes that the claim of the Myers as individuals must be dismissed. The motion to dismiss and for judgment on the pleadings is DENIED, however, as to the claim of the Myers in their capacity as representatives of their daughter.

IT IS SO ORDERED.