Dano Lane OSTRANDER, a minor, by Ronald OSTRANDER and Mary Ostrander, his parents and natural guardians, and Mary Ostrander, individually, Plaintiffs,

v.

CONE MILLS, INC., Defendant,

Palmetto Garment Co., Defendant.

CONE MILLS CORPORATION, Third–Party Plaintiff,

v.

Jodi (Jensen) ENGA and Paul Enga, individually, Third–Party Defendants.

No. C6–88–2644.

Supreme Court of Minnesota.

Sept. 8, 1989.

Rehearing Denied Oct. 17, 1989.

John M. Steele, Minneapolis, for plaintiffs.

Heidi Hoard, John P. Mandler, Faegre & Benson, Minneapolis, for Cone Mills, Inc.

Susan Hall, Murnane, Conlin, White & Brandt, St. Paul, for Palmetto Garment Co.

KEITH, Justice.

I

A certification order from the United States District Court for the District of Minnesota, Third Division presents us with the following question:

> May parents delay a suit for medical expenses, services, loss of society, lost wages, and other out-of-pocket expenses resulting from their child's personal injuries until 1 year after the child's 18th birthday under Minn.Stat. § 541.15?

On May 28, 1979, Dano Lane Ostrander, then 19 months old, was severely injured when his pajamas caught fire. On March 20, 1987, both Dano and his parents, Ronald and Mary Ostrander, commenced this action in the United States District Court for the District of Minnesota, Third Division, against defendants, Cone Mills, Inc., and Palmetto Garment Co., manufacturers of the pajama fabric and pajamas respectively. In addition to Dano's claim for personal injury, his parents asserted claims on their own behalf for medical expenses and loss of services. The parties agree that Dano's cause of action is timely because it is tolled by the operation of Minn.Stat. § 541.15 (1988) until after he reaches the age of majority. The dispute instead centers on the claims of Dano's parents for their medical expenses and loss of services which have resulted from Dano's injury. Defendants contend that the parents' individual claims are barred because they were not brought within the 6–year statute of limitations set out in Minn.Stat. § 541.05 (1988), while the Ostranders contend that Minn.Stat. § 541.15 tolls their claims as well as their son's.

It is undisputed that unless the claims of Ronald and Mary Ostrander are preserved by the operation of Minn.Stat. § 541.15, those claims are barred by the applicable statute of limitations, in this case Minn. Stat. § 541.05. The only question then is whether the running of the statute of limitations set out in Minn.Stat. § 541.05 is suspended by Minn.Stat. § 541.15. Minn. Stat. § 541.15 provides in pertinent part:

> (a) Except as provided in paragraph (b), any of the following grounds of disability, existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases:
>
> (1) That the plaintiff is within the age of 18 years.

In determining whether the claims of Ronald and Mary Ostrander fall within the scope of this statute, our analysis is controlled by statutorily provided rules of construction. Minn.Stat. § 645.16 (1988) provides in pertinent part:

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

The effect of Minn.Stat. § 541.15 is to toll the statute of limitations for certain classes of plaintiffs possessing disabilities described in the statute. We think the words of the statute and their application to the facts of this case are unambiguous and clear; because Ronald and Mary Ostrander did not, at the relevant time, possess any of the disabilities described in Minn.Stat. § 541.15, the statute of limitations is not tolled as to them and their claims are barred.[1] *See, e.g., Seguin v. Gallo,* 21 Ohio App.3d 163, 164, 486 N.E.2d 1270, 1272 (1985); *see also Emerson v.* *Southern Railway Co.,* 404 So.2d 576, 580 (Ala.1981).

Respondents argue that because the tolling statute uses the words "cause of action" that all claims arising from the tortious incident are to be preserved. Respondents further suggest that because the statute of limitations is worded broadly and because the statute does not specifically mention the parents' claims and does not explicitly limit the tolling effect to only those possessing the disability, the tolling effect should be extended to the parents' claims here because their claims are derivative or part of the "cause of action" preserved.

We do not think the words "cause of action" as used in the tolling statute have meaning independent from the disabled plaintiff's prosecution of such an action. Respondents themselves recognize this in their brief where they state that injuries to a minor give rise to two causes of actions, the child's claim and the parents' claim. We note that four of the five disabilities described in the tolling statute are worded in terms of a disability possessed by a particular individual. *See* Minn.Stat. § 541.15(a)(1–4). We think the import of this wording is clear and unambiguous. Only those individuals possessing the disabilities described will have their claims, or causes of action, preserved by Minn.Stat. § 541.15. *See Emerson,* 404 So.2d at 580; *see also Macku v. Drackett Products Co.,* 216 Neb. 176, 183, 343 N.W.2d 58, 62 (1984) (tolling statute is for exclusive benefit of disabled plaintiff).

Respondents' argument that all claims from a single tortious event are preserved by the tolling effect of Minn.Stat. § 541.15 is untenable. This argument could be used in any case where there are multiple victims of a single tortious event and one of the victims suffers a disability recognized under the tolling statute. Thus, for example, respondents' argument suggests that

---

**1.** A clear majority of courts in other jurisdictions have held that tolling provisions relating to minors apply only to the claims of persons under the age of majority and do not extend to the claim of parents. *See* Annotation, *Tolling of* *Statute of Limitations, on Account of Minority of Injured Child, as Applicable to Parent's or Guardian's Right of Action Arising Out of Same Injury,* 49 A.L.R. 4th 216, 219–28, Supp. at 4 (1986 & Supp.1988).

the statute of limitations might be tolled for all the victims of a bus accident should one of those victims be incarcerated following the accident. *See* Minn.Stat. § 541.15(a)(3). It is inconceivable that the legislature intended such a result.

Labeling Ronald and Mary Ostrander's claim "derivative" does not compel a different result. While the label "derivative" may tell us that a plaintiff's claim is dependent on proof of an underlying tort if that claim is to succeed, it offers no reason why those who do not suffer from a disability should receive the benefit of the tolling statute. *See, e.g., Gallo,* 21 Ohio App.3d at 164–65, 486 N.E.2d at 1272; *Emerson,* 404 So.2d at 580.

Respondents suggest that the difficulty in proving Dano Lane's medical and psychological damages dictate a delay in bringing that suit until such damages are definite and known. Because the Dano Lane suit ought to be delayed, reason the respondents, perforce, Ronald and Mary Ostrander's suit must also be delayed.

Respondents' argument is essentially an appeal to construe the tolling statute in light of policy arguments they find persuasive. This court has repeatedly said that the "plain meaning" of statutes should be followed. *See, e.g., McClish v. Pan–O–Gold Baking Co.,* 336 N.W.2d 538, 542–43 (Minn.1983). In *McClish,* when faced with logical and appealing policy arguments, this court rejected those arguments in favor of the plain meaning of the applicable statute. *Id.* at 544. In so doing, we noted that the policy arguments should properly be argued before the legislature, not this court. *Id.*

Moreover, the tolling statute was not designed to ameliorate difficult proof problems, which are unique to minors, as the respondents' argument suggests. Proof of future damages is a problem in countless cases, regardless of whether the victim is a minor or an octogenarian. The tolling statute recognizes minority as a disability, suspending the normal running of the statute of limitations, because it would be unfair to bar a suit by a tort victim unable, because of disability, to bring a suit in their own behalf. The law does not favor "delayed prosecution of a minor's tort claims" as suggested by the respondent. Dano Lane Ostrander's claim is still viable and may go forward.

The Legislature has determined that the public is best served by laws that require claims to be commenced within reasonable time limits. A clear exception to this policy is made for claims of minors. The Ostranders had six years to commence this action. Accordingly we answer the certified question in the negative.

YETKA, Justice (dissenting).

I dissent. Minn.Stat. § 541.15 (1988) is silent as to whether the claims of minors' parents are also tolled. There is no readily apparent "plain meaning," and the language of the statute offers little guidance for resolution of this issue of statutory construction. Because this issue is unsettled under Minnesota law, it is helpful to examine cases from other jurisdictions. Though presenting the minority position, the decision of the Wisconsin Supreme Court in *Korth v. American Family Ins. Co.,* 115 Wis.2d 326, 340 N.W.2d 494 (1983), is illustrative because, unlike the approach followed by the majority of courts in other jurisdictions, it examines the competing arguments and analyzes the relevant policy considerations. I agree with the *Korth* court that the best approach to resolving this issue is to examine the legal context in which the parents' claim arises and make a determination that furthers the policies of the law in question.[1] *See id.,* 115 Wis.2d at 331–32, 340 N.W.2d at 496.

---

1. The Wisconsin statute tolling the statute of limitations during minority cited in *Korth,* was Wis. Stat. § 893.18(2) (1982), which provided:

   If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof is, at the time the cause of action accrued, either (a) Within the age of 18 years, except for actions against health care providers * * * the time of such disability is not a

The basic purpose of statutes of limitations is to protect defendants from stale claims brought after evidence is unavailable. *See Swenson v. Emerson Elec. Co.*, 374 N.W.2d 690, 696 (Minn.1985), *cert. denied*, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986); *Korth*, 115 Wis.2d at 332, 340 N.W.2d at 497. Although the public has a strong interest in the prompt filing of claims, the unique circumstances of personal injury claims of minors and their parents, together with the policies supporting joinder of claims, justify construing Minn.Stat. § 541.15 (1988) to toll both the child's and the parents' limitation period.

In many cases involving personal injuries to minors, the full extent of the injuries, both physical and psychological, are unascertainable until long after the injury. This is especially true in situations like the present case where the child was less than 2 years old when injured. Since defendants are already required to preserve evidence and maintain their readiness to defend against the child's claim, they will not be prejudiced by the tolling of the parents' claims as these claims are based upon the same occurrence. Thus, the primary purpose of statutes of limitations is not an overriding concern in these types of cases. Extending the tolling statute to parents would probably ensure that the parents' and child's claim be brought together, but not until the full extent of the child's injuries are known.

The joinder of claims arising from the same occurrence upholds the public's interest in the prompt, complete, and efficient settlement of controversies in one proceeding. *See Korth*, 115 Wis.2d at 331, 340 N.W.2d at 496. Joinder of related claims also minimizes the possibility of multiple litigation and inconsistent judgments. *See id.* The fact that Minnesota law may not require the joinder of the parents' suit with their child's does not render the policies supporting the joinder of claims any less important.

part of the time limited for the commencement of the action * * *.

Under the majority's interpretation of the statute, parents will be forced to bring their suit within 6 years even though their child's claim for damages may not be ripe. Forcing the parents to bring suit within 6 years might also compel them to bring the minor's suit at the same time, thereby eliminating the extended time period provided by the tolling statute. Granted, parents may elect not to prosecute their action and wait until the full extent of their child's injuries are known, but this would result in two essentially duplicative lawsuits and trials. Such a result is inconsistent with judicial economy. In addition, having two trials would raise a serious question as to whether res judicata would apply to the second suit based on the results in the first. *See Thill v. Modern Erecting Co.*, 284 Minn. 508, 170 N.W.2d 865 (1969). Clearly, tolling the limitations period of both the child's and parents' claim is a reasonable construction of the statute that promotes efficiency and fairness in the courts.

POPOVICH, Chief Justice (dissenting).

I join in the dissent of Justice YETKA.

*See Korth*, 115 Wis.2d at 328–29, 340 N.W.2d at 495. This statute is similar to Minn.Stat. § 541.15 (1988).