# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY GREENFIELD, as Next )
Friend and Guardian *ad litem* for )
ETHAN FORD, a minor, )
  )
      Plaintiff, )    C.A. No. N16C-07-115 FWW
  )
      v. )
  )
BUDGET OF DELAWARE, INC., )
LAURA MILES, individually and in )
her official capacity as DFS director, )
VICTORIA KELLY, individually and )
in her official capacity as DFS director, )
TRINA N. SMITH, individually and in )
her official capacity as a family crisis )
therapist for DFS, JAMIE ZEBROSKI, )
individually and in her official capacity )
as a DFS supervisor, CRYSTAL )
BRADLEY, individually and in her )
official capacity as a DFS senior family )
services specialist, JAVONNE RICH, )
individually and in her official capacity )
as a master family service specialist for )
DFS, and ADDITIONAL DFS STAFF )
WHOSE NAMES AND TITLES ARE )
CURRENTLY UNKNOWN, )
  )
      Defendants. )

Submitted: December 1, 2016
Decided: February 22, 2017

Upon DFS Defendants' Motion to Dismiss:
**GRANTED**.

# ORDER

Andrew C. Dalton, Esquire, Bartholomew J. Dalton, Esquire, Dalton & Associates, P.A., Cool Spring Meeting House, 1106 West Tenth Street, Wilmington, Delaware 19806; Attorneys for Plaintiff.

Jeffrey A. Young, Esquire, Young & McNelis, 300 South State Street, Dover, Delaware 19901; Attorney for Defendant Budget of Delaware, Inc.

Joseph C. Handlon, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 North French Street, Wilmington, Delaware 19801; Attorney for Defendants Laura Miles, Victoria Kelly, Trina N. Smith, Jamie Zebroski, Crystal Bradley, and Javonne Rich.

**WHARTON, J.**

This 22nd day of February, 2017, upon consideration of the Motion to Dismiss of Defendants Laura Miles, Victoria Kelly, Trina Smith, Jamie Zebroski, Crystal Bradley, and Javonne Rich; Tiffany Greenfield's Response as next friend of and guardian *ad litem* for Ethan Ford ("Plaintiff"); and argument on December 1, 2016; it appears to the Court that:

1.     On July 15, 2016, Plaintiff brought this action against the above-mentioned employees of the Division of Family Services ("DFS Defendants") in their individual and official capacities.[1] Plaintiff alleges that DFS Defendants conducted no less than four grossly negligent investigations regarding the living conditions of Plaintiff and his sister.[2] Plaintiff argues that DFS Defendants recklessly "ignored a history of ongoing, unresolved risks in the home" when they received numerous calls from his relatives requesting state action and received reports of his destitute living conditions and developmental delays.[3] As a result, Plaintiff argues that DFS Defendants are liable because they recklessly disregarded their duties as DFS employees to protect Plaintiff in light of the evidence that was presented to them.[4]

2.     The Complaint contains the following claims: First, Plaintiff claims that DFS Defendants were negligent and grossly negligent in their investigations of

---

[1] Pl.'s Compl., at D.I. 1.
[2] *Id.* at ¶ 11.
[3] *Id.*
[4] *Id.*

3

Plaintiff's living conditions (Count I).[5] Second, Plaintiff claims that DFS Defendants violated 42 U.S.C. § 1983 when they recklessly disregarded their mandatory duties as state actors to protect Plaintiff (Count II).[6] Third, Plaintiff claims that DFS Defendants "established a special relationship with the Plaintiff Ethan Ford that had the effect of restricting his liberty and triggering liability for the affirmative acts or omissions of state actors" in violation of § 1983 (Count III).[7] Fourth, Plaintiff claims that Defendants Laura Miles and Victoria Kelly were grossly negligent in hiring and supervising their employees (Count IV).[8] Fifth, and finally, Plaintiff claims that DFS Defendants' conduct amounted to an intentional infliction of emotional distress onto Plaintiff (Count V).[9]

3.     On September 14, 2016, DFS Defendants filed their Motion to Dismiss all claims against them.[10] First, DFS Defendants argue that Plaintiff's claims are time-barred pursuant to 10 *Del. C.* § 8119.[11] Second, DFS Defendants argue that Plaintiff has failed to plead his negligence claims with particularity pursuant to Superior Court Civil Rule 9(b) because Plaintiff "has failed to identify any particular defendant who performed the investigations that are the subject of

---

[5] *Id.* at ¶¶ 20–22.
[6] *Id.* at ¶¶ 23–25.
[7] *Id.* at ¶¶ 26–27.
[8] *Id.* at ¶¶ 28–30.
[9] *Id.* at ¶¶ 31–33. Count V also alleges Intentional Infliction of Emotional Distress against Defendant Budget of Delaware, Inc. Budget of Delaware, Inc. has not moved to dismiss and, therefore, the claim against it under Count V is not affected by this Order.
[10] Defs.' Mot. Dismiss, D.I. 10.
[11] *Id.* at ¶¶ 8–9.

4

the suit."[12] Third, DFS Defendants argue that Plaintiff's constitutional claims likewise fail because "[p]ersonal involvement is the touchstone for establishing § 1983 liability."[13] Fourth, DFS Defendants argue that Plaintiff has failed to plead facts demonstrating gross negligence as required by the Delaware State Tort Claims Act ("DSTCA").[14] Finally, DFS Defendants argue that Plaintiff cannot sue them in their official capacities because sovereign immunity shields liability.[15]

4. On October 13, 2016, Plaintiff filed his answer to DFS Defendants' Motion to Dismiss.[16] Plaintiff contends that his claims are not time-barred under the statute of limitations, and even if they are, Plaintiff argues that the statute of limitations was tolled.[17] Moreover, Plaintiff contends that his Complaint "is rife with such allegations and their specificity, as well as to the roles of the individual DFS Defendants."[18]

5. The Court heard oral argument on this matter on December 1, 2016.

6. A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the

---

[12] *Id.* at ¶ 9.
[13] *Id.* at ¶ 11.
[14] *Id.* at ¶ 10. *See* 10 *Del. C.* § 4001.
[15] *Id.* at ¶ 9, n.6.
[16] Pl.'s Resp. Mot. Dismiss, D.I. 12.
[17] *Id.* at ¶¶ 6–9.
[18] *Id.* at ¶ 10.

complaint."[19] In ruling on a Rule 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[20] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[21]

7.     The Court first turns to the question of whether DSTCA precludes claims against DFS Defendants. Under DSTCA, state actors or employees who are sued in their individual capacities are exempt from liability when: "(1) the alleged act or failure to act arises out of and in connection with the performance of official duties involving the exercise of discretion; (2) the act or failure to act was done (or not done) in good faith; and (3) the act or failure to act was done without gross negligence."[22] Plaintiff has to prove the absence of one of these elements to defeat immunity.[23]

8.     Nevertheless, Plaintiff fails to overcome the civil immunity afforded to the individual DFS Defendants by DSTCA. Plaintiff brought this action against DFS Defendants and "additional DFS staff whose names and titles are currently unknown."[24] However, the Complaint only alleges facts about unnamed DFS

---

[19] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[20] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[21] *Id.*
[22] *See J.L. v. Barnes*, 33 A.3d 902, 914 (Del. Super. 2011). *See also* § 4001; *Gutierrez v. Advanced Student Transp., Inc.*, 2015 WL 4460342, at *4 (Del. Super. July 14, 2015).
[23] *See Barnes*, 33 A.3d at 914; *Gutierrez*, 2015 WL 4460342, at *4.
[24] *See* D.I. 1.

6

"caseworkers" collectively.[25] Because there are no facts in the Complaint detailing *individual* DFS Defendants' *individual* involvement in the specific investigations, Plaintiff has not shown, under any reasonably conceivable set of circumstances susceptible of proof, that their civil immunity is removed.[26] Therefore, Counts I, IV, and V (as to DFS Defendants) of Plaintiff's Complaint are **DISMISSED**.

9. Relatedly, Counts I and IV of Plaintiff's Complaint must be dismissed for the additional reason that Plaintiff has failed to plead his negligence and gross negligence claims in accordance with Rule 9(b). In order to avoid a dismissal under Rule 12(b)(6), a plaintiff must plead negligence, and thus gross negligence, with particularity pursuant to Rule 9(b).[27] Generally, Rule 9(b) is satisfied when the pleading advises the defendant "(1) what duty, if any, was breached; (2) who breached it; (3) what act or failure to act breached the duty; and (4) the party upon whom the act was performed."[28] The purpose of this Rule is to "(1) provide

---

[25] *See id.*

[26] Moreover, the failure to individualize the allegations against DFS Defendants (and additional unnamed DFS Staff) risks the Court viewing the real defendant as the State of Delaware, thereby implicating sovereign immunity considerations.

[27] Rule 9(b) states that "all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally."

[28] *Murphy v. Bayhealth Med. Ctr.*, 2006 WL 509544, at *3 (Del. Super. Jan. 9, 2006) (quoting *Slade v. Carroll*, 2004 WL 440381, at *2 (Del. Super. Feb. 25, 2004)). *See also Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *7 (Del. Super. Sept. 3, 1999) ("When pleading negligence, plaintiffs have to meet the heightened standard of Rule 9(b), and must specify a duty, a breach of the duty, who breached the duty, what act or failure to act caused the breach, and the party who acted."); *Myer v. Dyer*, 542 A.2d 802, 805 (Del. Super. 1987) ("[A] defendant must be apprised of: (1) what duty, if any, was breached; (2) who breached it, (3) what act or failure to act breached the duty, and (4) the party upon whom the act was performed.").

7

defendants with enough notice to prepare a defense; (2) prevent plaintiffs from using complaints as fishing expeditions to unearth wrongs to which they had no prior knowledge; and (3) preserve a defendant's reputation and goodwill against baseless claims."[29] A plaintiff, therefore, cannot plead a negligence claim with conclusory allegations.[30]

10. In this case, Plaintiff alleges that DFS Defendants were negligent and grossly negligent in their handling of at least four investigations into Plaintiff's poor living conditions. In doing so, the Complaint details four investigations conducted by DFS. As noted above, however, the Complaint states that unspecified DFS "caseworkers" were the individuals conducting these investigations and interacting with Plaintiff's mother. The Complaint says nothing about how *individual* DFS Defendants were *individually* involved in these investigations. Without alleging any facts that any particular one of these six individuals was involved in one of these investigations, it cannot be said that any *individual* DFS Defendant was put on notice of the claims against that *individual* DFS Defendant.[31] While "[t]he point of Civil Rule 9(b) is not exactitude,"[32]

---

[29] *In re Benzene Litig.*, 2007 WL 625054, at *6 (Del. Super. Feb. 26, 2007) (citing *Stuchen v. Duty Free Int'l, Inc.*, 1996 WL 33167249, at *5 (Del. Super. Apr. 22, 1996)).

[30] *See Tews v. Cape Henlopen Sch. Dist.*, 2013 WL 1087580, at *2 (Del. Super. Feb. 14, 2013) ("The particularity requirement of Rule 9(b) is not satisfied by merely stating the result or a conclusion of fact arising from circumstances not set forth in the Complaint."); *Doe 30's Mother v. Bradley*, 58 A.3d 429, 462 (Del. Super. 2012) ("[C]laims of negligence . . . may not be conclusory and must be accompanied by some factual allegations to support them.").

[31] *See Prather v. Doroshow, Pasquale, Krawitz & Bhaya*, 2011 WL 1465520, at *3 (Del. Super.

Plaintiff must plead facts showing who breached their duties to Plaintiff and how they did so, and here, Plaintiff has failed to meet these standards.

11. Further, the Court finds that Plaintiff's § 1983 claims must be dismissed as well for two reasons.[33] First, a state actor cannot be held liable in his or her individual capacity under § 1983 by merely asserting the doctrine of *respondeat superior*.[34] A supervisor can only be held liable if he or she was "the moving force [behind] the constitutional violation," or "exhibited deliberate indifference to the plight of the person deprived."[35] Hence, in order to establish liability under § 1983, a plaintiff "must show personal involvement by *each*

---

Apr. 14, 2011) ("At a minimum, Plaintiff's complaint must place Defendant on notice of the claim being asserted."); *Murphy*, 2006 WL 509544, at *3 ("The purpose of the particularity requirement is to put the defendant on notice of the claims in order to give the defendant a fair opportunity to plan a defense.").

[32] *Uppal v. Waters*, 2016 WL 4211774, at *2 (Del. Super. Aug. 9, 2016) (citing *Universal Capital Mgmt., Inc. v. Micco World, Inc.*, 2012 WL 1413598 (Del. Super. Feb. 1, 2012)). The Court recognizes that there "is no template for success when drafting a complaint that alleges negligent conduct." *Rose v. 3M Co.*, 2012 WL 2952106, at *2 (Del. Super. July 19, 2012). The Court therefore measures the sufficiency of a pleading under Rule 9(b) according to the particular facts of the case. *See id.* (citing *Garcia v. Signetics Corp.*, 2010 WL 3101918, at *1 (Del. Super. Aug. 5, 2010)).

[33] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .").

[34] *See Deputy v. Roy*, 2003 WL 367827, at *2 (Del. Super. Feb. 20, 2003) (citing *Dickens v. Brewington-Carr*, 1999 WL 1240910, at *3 (Del. Super. Oct. 8, 1999)). *See also Collins v. Figueira*, 2006 WL 1817092, at *3 (Del. Super. June 23, 2006) ("A supervisor's liability under § 1983 must be based on actual knowledge and acquiescence rather than *respondeat superior*.").

[35] *See Dickens*, 1999 WL 1240910, at *3 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1117–19 (3d Cir. 1989)).

defendant."[36] As is the theme in the Complaint, Plaintiff has failed to allege how DFS Defendants were personally involved in the investigations. Second, DFS Defendants cannot be sued in their official capacities because "[a] Section 1983 claim against a government actor in [his or] her official capacity is considered an action against the State, and it is well-settled that the State is not a proper defendant in a Section 1983 action."[37] For these reasons, Counts II and III of Plaintiff's Complaint are **DISMISSED**.

12. The Court does not need to address DFS Defendants' argument regarding the statute of limitations in light of the above decision.[38]

**THEREFORE**, DFS Defendants' Motion to Dismiss is **GRANTED**. Counts I, II, III, IV, and V (as to DFS Defendants) of Plaintiff's Complaint are **DISMISSED.**

---

[36] *See Lane v. Phelps*, 800 F. Supp. 2d 646, 649 (D. Del. 2011) (emphasis added) (citing *Brito v. U.S. Dept. of Justice*, 2010 WL 3259383, at *2 (3d Cir. Aug. 18, 2010)). *See also id.* ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'"(citations omitted)).

[37] *See Deputy*, 2003 WL 367827, at *2 (citing *Hall v. McGuigan*, 743 A.2d 1197, 1206 (Del. Super. 1999)).

[38] Indeed, the Court cannot determine whether this action is barred under § 8119 until it is able to discern what each DFS Defendant is alleged to have done.

This dismissal is without prejudice, however, and Plaintiff is granted leave to file an Amended Complaint no later than 30 days from the date of this Order.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.