# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRENCE FOREHAND, Individually and as Personal Representative of the Estate of VALERIE J. BATEMAN MCCANTS, Decedent, | ) ) ) ) ) ) | C.A. No.: N25C-05-056 FJJ TRIAL BY JURY OF TWELVE DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KENTMERE REHABILITATION AND SKILLED NURSING, INC. d/b/a KENTMERE NURSING CARE CENTER, | ) ) ) ) ) | |
| Defendant. | ) | |

Submitted: July 29, 2025
Decided: July 30, 2025

## OPINION AND ORDER

*on Defendant Kentmere Rehabilitation and Skilled Nursing, Inc. d/b/a Kentmere Nursing Care Center's Motion to Dismiss Plaintiffs' Claim for Punitive Damages.*

*Caroline A. Kaminski* and *Gary S. Nitsche, Esquires*, Nitsche & Fredricks, LLC, 205 North Union Street, Fourth Floor, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Colleen D. Shields* and *Randall S. MacTough, Esquires*, Eckert Seamans Cherin & Mellott, LLC, 222 Delaware Avenue, Suite 700, Wilmington, Delaware, *Attorneys for Defendant.*

**JONES, J.**

1

## INTRODUCTION

This Motion to Dismiss arises from a medical negligence action against Defendant Kentmere Rehabilitation and Skilled Nursing, Inc. (hereinafter "Kentmere") by Plaintiff Terrence Forehand individually and as the representative of the estate of Decedent Valerie Bateman McCants (hereinafter "Plaintiffs").[1]  Ms. Bateman McCants' death occurred due to a sepsis wound that formed while she was a resident at Kentmere.[2]  In addition to a general negligence claim, Plaintiffs seek punitive damages under a willful and wanton misconduct claim.[3]  Kentmere asks the Court to dismiss Plaintiffs' claims for punitive damages because Plaintiffs' claims are made up of conclusory allegations lacking specific factual support.[4]  This is the Court's decision on this Motion.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to dismiss for failure to state a claim upon which relief can be granted.[5]  While ruling on a motion to dismiss, the Court:

> (1) accept[s] all well pleaded factual allegations as true, (2) accept[s] even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonable conceivable set of circumstances.[6]

---

[1] Docket Item (D.I.) 8 p.1.
[2] *Id.*
[3] D.I. 1 ¶¶ 28-34.
[4] D.I. 8 ¶ 2.
[5] Super. Ct. Civ. R. 12(b)(6).
[6] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings*, 27 A.3d 531, 535 (Del. 2011).

Under Delaware Superior Court Civil Rule 9(b), averments of negligence must be pled with particularity.[7] The Rule 9(b) requirements should be evaluated on a case-by-case basis.[8] "Less particularity is required when the facts lie more in the knowledge of the opposite party, than of the party pleading."[9] In medical negligence cases, "it is highly likely that the defendant is in a superior position to adduce the relevant evidence and formulate a defense thereupon.[10] Willful and wanton misconduct deals with "distinct state[s] of mind," which "need only be averred generally as required in Rule 9(b)."[11] However, when pleading willful and wanton misconduct "the Court [] finds that some notice of time, place or manner of injury is required."[12]

## PARTY CONTENTIONS[13]

Kentmere seeks dismissal of Plaintiffs' punitive damages claims based on the lack of particularity supporting the claim's allegations. Kentmere argues the Complaint sets forth only three facts – (1) "Ms. McCants developed a wound in

---

[7] Super. Ct. Civ. R. 9(b).

[8] *Myer v. Dyer*, 542 A.2d 802, 805 (Del Super. Apr. 10, 1987).

[9] *Id.*

[10] *Id.*

[11] *Midland Red Oak Realty, Inc v. Friedman, Billings 7Ramsey & Co., Inc.*, 2005 WL 445710, at *4 (Del. Super. Feb. 23, 2005).

[12] *Archie v. 4520 Corp., Inc.*, 2003 WL 832549, at *2 (Del. Super. Mar. 3, 2003).

[13] Defendant's Motion seeks dismissal of the punitive damages claims under Plaintiffs' claims for willful and wanton misconduct as well as gross negligence. Punitive damages claims, as a matter of law, cannot be based on gross negligence. *See* 18 *Del. C.* § 6855. Therefore, the Court will evaluate this Motion for Dismissal of punitive damages only as to Plaintiffs' willful and wanton misconduct claim.

3

March 2024 that worsened over the following four months;" (2) Ms. McCants developed sepsis;" and (3) "Ms. McCants died of sepsis due to cholelithiasis" – and contends none of which support a finding of gross negligence or willful and wanton misconduct.[14] Even if the Court finds Plaintiffs claims pled adequately, Kentmere asserts the allegations do not establish the heightened standard required of punitive damages.[15]

Plaintiffs disagree and contend that the Complaint provides sufficient factual allegations to plead and support a claim for punitive damages.[16] Further, Plaintiffs assert that their Complaint requires less particularity concerning the punitive claims because the "claims against the Defendant are more within Defendant's knowledge than Plaintiffs'."[17]

## ANALYSIS

The Court must address whether Plaintiffs pled willful and wanton misconduct with the requisite particularity. An adequate showing of wanton negligence requires demonstrating a conduct "so unreasonable and dangerous that a person knows or should know that an imminent likelihood of harm can result."[18] The Rule 9(b) particularity requirement demands factual allegations to support

---

[14] D.I. 8 ¶ 5.
[15] *Id.* ¶ 6.
[16] D.I. 13 ¶¶ 9-11.
[17] *Id.* ¶ 11.
[18] *Gutierrez v. Advanced Student Transp., Inc.*, 2015 WL 4460342, at *6 (Del. Super. July 14, 2015) (quoting *Sadler-Ievoli*, 2013 WL 3010719, at *4).

claims of willful or wanton misconduct rather than mere statements of the "result or conclusion of fact arising from circumstances not set forth in the Complaint."[19]

The Complaint alleges that, under the "care, custody, and control" of Kentmere, the Decedent experienced a "significant unstageable sacral pressure wound."[20] It states that "prior to February 27, 2024, the Decedent was at risk for developing pressure injuries and was dependent upon the Defendant's staff for all activities of daily living, including turning, repositioning, mobility, and other daily functions."[21] The Complaint further alleges that Decedent's wound continued to worsen from March 15, 2024 until June 20, 2024 when her sacral wound was characterized as an "unstageable pressure injury" and became infected.[22]

The Complaint pleads that the Decedent passed from sepsis caused by the infected sacral wound due to Kentmere's "failure to undertake the appropriate safety, training and education procedures" and "failure to properly turn and position the Decedent."[23] The Complaint also pleads that Defendant conducted the following behavior "intentionally, outrageously and with reckless indifference and/or disregard to the rights of the Decedent:" (1) "failed to properly assess" Decedent's required care to prevent pressure sores; (2) "failed to maintain proper policies and

---

[19] *Gutierrez*, 2015 WL 4460342, at *6 (quoting *Tews v. Cape Henlopen School Dist.*, 2013 WL 1087580, at *2 (Del. Super. Feb. 14, 2013)).
[20] D.I. 1 ¶ 12.
[21] *Id.* ¶ 5.
[22] *Id.* ¶¶ 6-10.
[23] *Id.* ¶ 13.

5

procedures for the care of patients with Decedent's physical limitations" and "for the education and training of its employees on safety, wound prevent, and care of its patient, specifically the Decedent;" (3) "failed to adequately staff its facility;" (4) "hired incompetent employees;" (5) and "engaged in a pattern of conduct providing substandard patient care."[24]

Plaintiffs' willful and wanton misconduct allegations are distinguishable from cases in which the Court held the plaintiff's allegations concerning wanton negligence were conclusory allegations "bereft of facts to support the allegations that Plaintiff's actions constituted" willful and wanton misconduct.[25] Rather, this case is akin to *Armstrong v. A.I. Dupont Hospital for Children* in which the Court held the Complaint pled sufficient facts indicating willful and wanton misconduct to surpass the motion to dismiss stage.[26] It is clear from the Complaint that Plaintiffs provide Kentmere with sufficient notice.[27] The Complaint also contains adequate factual allegations to support Plaintiffs' claim for willful and wanton misconduct.[28]

---

[24] D.I. 1 ¶ 32.
[25] *See Robinson*, 2022 WL 5060165, at *8; *Gutierrez*, 2015 WL 4460342, at *7.
[26] 60 A.3d 414, 420 (Del. Super. Jan. 31, 2012).
[27] *See* D.I. 1 ¶¶ 3-13.
[28] *Id.*

Because the Court has found Plaintiffs adequately pled willful and wanton misconduct, Plaintiffs' claims for punitive damages surpass this Motion to Dismiss. Whether the evidence adduced during discovery supports the claims alleged is an issue for another day and another motion.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress