JOHN AVERY HOBBS, by his next friend, Louis Avery Hobbs, *v.* WALLACE M. LOKEY, trading as Lokey and Son.

(*February* 12, 1936.)

RICHARDS, J., sitting.

*James M. Tunnell* for plaintiff.

*Frank M. Jones* and *Houston Wilson* for defendant.

Superior Court for Sussex County. Summons Case, No. 34, June Term, 1934.

 RICHARDS, J., in charging the jury, among other things, said that if their verdict should be for the plaintiff they could not consider the expenses alleged to have been incurred by the plaintiff for hospital attention, for nursing and for physician's services. With respect to the bills for nursing, the uncontradicted evidence is that the father has paid the sum of $200.00. As to this amount, the plaintiff clearly has suffered no damage, and for this amount he cannot recover. Nor can he recover for the other expenses alleged to have been incurred. The father is primarily liable for them. He was, and is, liable for the support and maintenance of his minor son; and it cannot be presumed that he will not meet his obligations. He has a right of action to recover the loss and damage accruing to him.[1] The plaintiff, as a minor, cannot recover for these services, at least, not unless he has paid for them, and there is no evidence that he has paid them. *Newbury v. Getchel & Martin Lumber & Mfg. Co.*, 100 *Iowa* 441, 69 *N. W.* 743, 62 *Am. St. Rep.* 582; *Tucker v. Buffalo Cotton Mills*, 76 *S. C.* 539, 57 *S. E.* 626, 121 *Am. St. Rep.* 957; *Tompkins v. West*, 56 *Conn.* 478, 16 *A.* 237; 1 *Sedgwick, Damages*, § 226f.

---

[1] In most cases when the facts justify it, though a separate action is brought by the father for loss of services and for expenses necessarily incurred, by agreement of counsel both cases are tried together as though they were one action.