**May Delle SCHAEFER, Plaintiff,**

v.

**UNITED STATES of America (Fitzsimmons Gen'l Hospital, Denver, Colorado), a general army hospital, Defendant.**

**No. 68 C 104(1).**

United States District Court
E. D. Missouri, E. D.

June 12, 1968.

Penrose C. Martindale, St. Louis, Mo., for plaintiff.

Veryl L. Riddle, U. S. Atty., Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for defendant.

### MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This case is before the court upon a motion by defendant to dismiss the complaint for failure to state a cause of action for the reason that the court lacks jurisdiction of the matter because the complaint shows on its face that the filing was untimely and the action is barred by 28 U.S.C. 2401(b).

While the rule with respect to the bar of limitations should be raised by an affirmative plea, the courts have held that a motion may be made to dismiss in such cases on the ground that the complaint does not state a cause of action.

The complaint is brought under the Federal Tort Claims Act, 28 U.S.C.

1346(b), 2671 et seq. The cause of action accrued to the plaintiff according to the averments of the complaint in April, 1965. The suit was not filed until March 7, 1968.

■ 28 U.S.C. 2401(b) provides that a tort claim is forever barred unless action is begun within two years after such claim accrues, and this two-year statute of limitations has been held to bar an action not brought within two years after the claim accrued. Davis v. Foreman, 7 Cir., 239 F.2d 579 (Cert. denied); United States v. Croft-Mullins Elec. Co., 5 Cir., 333 F.2d 772 (Cert. denied); Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

Under all the authorities the action of the plaintiff was instituted too late and is barred by the statute of limitations. Accordingly, the motion to dismiss should be and is hereby sustained.