448 F.Supp. 10 (1977)
Brian BERGSTRESER, an infant by Sherry Bergstreser, his mother and natural guardian, Sherry Bergstreser, Individually, and Ross Bergstreser, Individually, Plaintiffs,
v.
T. J. MITCHELL, M. D., G. A. Richardson, M. D., and St. Francis Hospital, Defendants.
No. 76-1102C(A).
United States District Court, E. D. Missouri, E. D.
August 22, 1977.
*11 James E. Hullverson, St. Louis, Mo., for plaintiffs.
*12 Anthony F. Vaiana, St. Louis, Mo., for St. Francis Hospital.
George E. Lee, St. Louis, Mo., for Mitchell & Richardson.

MEMORANDUM OPINION
HARPER, District Judge.
This case is before the Court on the joint motions of defendants for summary judgment, and the separate motions of defendant, St. Francis Hospital, for dismissal of Counts V, VI, VIII, IX and X for failure to state a cause of action upon which relief can be granted and attacking the capacity of the mother to bring the suit for Brian, and for a more definite statement with respect to Counts V, VI, VIII, IX and X.
Plaintiffs are citizens of Colorado and defendants are citizens of Missouri. The jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332 because of diversity of citizenship between the plaintiffs and defendants, and the amount in controversy exceeds $10,000.00.
Plaintiffs, Ross Bergstreser, Sherry Bergstreser and Brian Bergstreser, a Minor (father, mother and son, respectively), bring this action for damages allegedly sustained from injuries arising out of alleged acts of medical malpractice by defendants. As a basis for their action, plaintiffs' complaint alleges that on or about February 22, 1972, Sherry Bergstreser had a Caesarean section performed upon her in a negligent manner by defendants, T. J. Mitchell, M. D., and G. A. Richardson, M. D. This operation was performed at the facility of defendant, St. Francis Hospital (hereinafter referred to as Hospital). Among plaintiffs' allegations of negligence is included an alleged failure to advise plaintiff, Sherry Bergstreser, of the condition of her uterus subsequent to the Caesarean section.
Thereafter, Sherry Bergstreser became pregnant with Brian. On October 22, 1974, approximately ten weeks prior to the expected delivery of Brian, Sherry Bergstreser suffered an occult rupture of the uterus. Plaintiffs allege that this rupture was caused by the negligent performance by defendants of the Caesarean section on February 22, 1972. As a result of this rupture, Sherry Bergstreser was forced to undergo a premature emergency Caesarean section to accomplish the delivery of Brian. Through the course of this delivery, Brian allegedly suffered through a period of hypoxia and/or anoxia which caused serious injuries, including brain damage, to him.
Plaintiffs' amended complaint is brought in ten counts. The claims of Brian Bergstreser are brought by his mother, Sherry Bergstreser, as his natural guardian. His claims are pleaded in Counts I, III, V and VII against Dr. Mitchell, Dr. Richardson, St. Francis Hospital, and all of the defendants jointly and severally, respectively. The claims of Sherry Bergstreser for her injuries are brought in Counts II, IV, VI, and VIII against Dr. Mitchell, Dr. Richardson, St. Francis Hospital, and all of the defendants jointly and severally, respectively. Count IX is brought by Sherry and Ross Bergstreser against the defendants for loss of their son's services and medical expenses for his care and treatment. Count X is brought by Ross Bergstreser against the defendants for the loss of his wife's services and for medical expenses for her care and treatment.
In response to the aforesaid complaint, defendants Mitchell and Richardson filed an answer and a motion for summary judgment asserting therein that all claims were barred by the statute of limitations, Mo. Ann.Stat. § 516.105 (1976).
Defendant Hospital has submitted separate motions to dismiss, for a more definite statement, and to strike. It has also joined in the motion for summary judgment of defendants Mitchell and Richardson.
In its motion to dismiss the defendant Hospital asserts that the plaintiff, Brian Bergstreser, fails to state a cause of action upon which relief can be granted, that as to all counts such actions are barred by the applicable statute of limitations, citing Mo. Ann.Stat. § 516.140 (1939), that as to Count V the plaintiff, Sherry Bergstreser, lacks capacity to bring an action for her son Brian, inasmuch as she has not been appointed *13 as a next friend or guardian ad litem, and that no cause of action exists for injuries to an infant caused by a negligent act committed prior to conception.
The defense of limitations may be raised by a motion to dismiss where the complaint shows on its face that the action has not been instituted within the limitation period, and it is apparent that there is no factual controversy surrounding the availability of the defense. Rose Barge Line, Inc. v. Hicks, 421 F.2d 163 (8th Cir. 1970); Tanner v. President's-First Lady Spa, Inc., 345 F.Supp. 950 (E.D.Mo.1972); Schaefer v. United States, 288 F.Supp. 93 (E.D.Mo.1968).
Turning first to the joint motion of all defendants for summary judgment, Rule 56 considers summary judgment and provides in part:
"Motion and Proceedings Thereon. * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
According to established principle, once a motion for summary judgment is made, the Court examines the evidence, not to decide issues of fact which may be presented, but rather to determine if any real issue exists. Doza v. American National Ins. Co., 314 F.2d 230, 232 (8th Cir. 1963). As interpreted by the courts, Rule 56 places on the moving party "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Jacobsen v. Maryland Casualty Co., 336 F.2d 72, 84 (8th Cir.), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965). All pleadings must be construed liberally in favor of the party against whom the motion for summary judgment is made. Mosher v. Beirne, 237 F.Supp. 684, 687-88 (E.D.Mo.), aff'd 357 F.2d 638 (8th Cir. 1966).
The case before the Court is one wherein summary judgment may properly be created in favor of the defendants as to Counts II, IV, VI, VIII, IX and X, since no genuine issue of any material facts exists between the parties with respect to the question of limitations.
In diversity actions the Court is required to apply the statute of limitations which would be applied by the state courts. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The applicable Missouri statute of limitations at the time Sherry Bergstreser's cause of action accrued was Mo.Ann.Stat. § 516.140 (1939), which provides:
"All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of * *."
The above cited two-year limitation period is tolled where the person entitled to bring this action is a minor, until the prospective plaintiff obtains majority. Mo. Ann.Stat. § 516.170 (1939). See also, Nelson v. Browning, 391 S.W.2d 881 (Mo.1965).
However, the above mentioned statutes have since been replaced by Mo.Ann.Stat. § 516.105 (1976). It provides:
"All actions against physicians, hospitals * * * and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action * * *."
Since there is no change in the applicable law which would affect the outcome of this decision, the Court declines to determine *14 which statute is applicable to the case at bar. It is sufficient to note that the Court's decision herein would be the same under either statute. The running of the statute of limitations is halted upon the filing of a petition, issuance of summons and exercise of due diligence in obtaining service of process. Hennis v. Tucker, 447 S.W.2d 580 (Mo.App.1969).
This action was filed in this Court on November 29, 1976, over four years after the alleged negligent treatment performed on Sherry Bergstreser by defendants. Taking the allegations of plaintiffs' complaint as true, it is apparent that Counts II, IV, VI, VIII and X, pertaining solely to damages arising out of the injuries to Sherry Bergstreser, are barred by the running of the two-year statute of limitation. Laughlin v. Forgrave, 432 S.W.2d 308 (Mo.1968). These claims became stale in February of 1974.
A different problem is presented with regard to Counts I, III, V, VII and IX, which pertain to the injuries of Brian Bergstreser. These counts present claims for injuries arising from an alleged tort committed prior to conception. This issue is one of first impression in Missouri. Since uncertainty exists as to the state law on this issue, the Court must give consideration to the rule which it believes the state courts would in all probability follow under the facts presented. Gaines v. Jones, 486 F.2d 39, 46 (8th Cir.), cert. denied 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474 (1974).
Missouri has expanded the right of action for prenatal personal injuries to allow a surviving infant to bring an action for injuries received after conception. Steggall v. Morris, 258 S.W.2d 577 (Mo. 1953). However, a wrongful death action may not be maintained for the death of an unborn or stillborn child. Hardin v. Sanders, 538 S.W.2d 336 (Mo.1976). The decisions in Steggall and Hardin are clear indications that the right of a child to bring an action for damages incurred prior to birth is contingent upon being born alive. That condition precedent has been satisfied here. Neither case, however, deals with negligent acts occurring prior to conception.
In looking to the decisions of the other states, there are several decisions which hold that a child has a cause of action for injuries resulting from negligent acts committed prior to conception. Jorgensen v. Meade Johnson Laboratories, 483 F.2d 237 (10th Cir. 1973); Renslow v. Mennonite Hospital, 348 Ill.2d 367, 10 Ill.Dec. 484, 367 N.E.2d 1250, August 8, 1977; Park v. Chessin, 88 Misc.2d 222, 387 N.Y.S.2d 204 (Sup.Ct. Queens County 1976).
While not expressing any opinion on the merits of plaintiffs' factual and medical claims, the Court believes the proper decision, and one which would be adopted by the courts of Missouri, is to allow a child, when born alive, to bring an action for injuries arising out of preconception negligent conduct. The problem presented herein is one of causation and proximate causation to be determined by competent medical proof. The complaint alleges that the defendants' negligent conduct caused damage to the infant which resulted in permanent physical injuries. There has been no showing, nor can the Court rule as a matter of law, that the defendants, two doctors and a hospital, could not reasonably have foreseen that Sherry Bergstreser, a married woman and a mother, would later bear a child and that the child would be injured as the result of the earlier improper Caesarean section. The duties imposed by the law of torts arise out of circumstances wherein there is a foreseeable or reasonable anticipation that harm or injury is a likely result of acts or omissions to act. Taylor v. Hitt, 342 S.W.2d 489, 494 (Mo.App.1961). The principles of common law authorize courts to compel a tortfeasor to compensate a person who has been injured through the tortfeasor's negligence. If a child after birth has no right of action for injuries arising out of preconception negligent conduct, there is a wrong inflicted for which there is no remedy. The Court finds no logical reason to deny recovery to a person simply because he had not yet been conceived when the wrongful action took place.
*15 Having determined that a cause of action exists for an infant for damages arising from a preconception negligent act, the Court also finds that the action presented herein is not barred by the statute of limitations. Brian Bregstreser's action for damages did not arise till the date of his birth, October 22, 1974, since a live birth is a condition precedent for actions involving prebirth negligent conduct. Hardin v. Sanders, supra. Further, as stated earlier, a tolling of the statute of limitations is available under either statute where the plaintiff is a minor. Counts I, III, V and VII, which are brought by Brian Bergstreser, through his mother, for his personal injuries, were timely instituted.
The tolling provision which is available to Brian as a minor is not, however, available to Sherry and Ross Bergstreser in their action for the loss of their son's services and medical expenses for his care and treatment. The parents' claim is governed by the two-year limitation, which ran as of October 23, 1976, notwithstanding that as to their son his minority is sufficient to invoke the tolling provision. See Jaime v. Neurological Hospital Ass'n, 488 S.W.2d 641, 644 (Mo.1973). Count IX is, therefore, barred by the statute of limitations.
Defendant Hospital raises the additional issue as to whether Sherry Bergstreser can maintain an action on behalf of her child even though she has not been a duly appointed next friend or guardian ad litem. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual to sue in a representative capacity is governed by the law of the state in which the district court is held. Under Missouri law an infant may sue by its parent who is a natural guardian of the child without the formality of having the parent appointed as next friend. Missouri Pacific R. Co. v. Cox, 306 Mo. 27, 267 S.W. 382, 384 (1924); Taylor v. Missouri Pac. R. Co., 211 Mo.App. 13, 257 S.W. 511, 512 (1924). See also, Bochantin v. Inland Waterways Corp., 9 F.R.D. 592, 593 (E.D. Mo.1950). Counts I, III, V and VII, which are brought by Sherry Bergstreser as natural guardian of her son, Brian, are properly made.
Accordingly, the joint motion of defendants for summary judgment is sustained as to Counts II, IV, VI, VIII, IX and X, and summary judgment as to said counts is granted, and the joint motion of defendants for summary judgment is denied as to Counts I, III, V and VII.
The separate motion of the defendant, St. Francis Hospital, to dismiss with respect to Counts V, VI, VIII, IX and X is overruled in all particulars. The separate motion of the defendant, St. Francis Hospital, for a more definite statement as to Counts V, VI, VIII, IX and X is overruled in all particulars.
The clerk of the Court will prepare and enter the proper order to the above effect.
The question of whether an infant may maintain an action for preconception negligent conduct is novel in the State of Missouri and crucial to the outcome of this action. This issue is further complicated by the two-year statute of limitations which apparently ran prior to conception. This order, in the opinion of the Court, involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. It is, therefore, further ordered that either or all of the parties herein may make application for appeal under the provisions of 28 U.S.C. § 1292(b), and if appeal is permitted the proceedings herein are stayed until further order.