# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

MONICA BROUGHTON,                          )
Individually, and as Parent and            )
Guardian of AMARI M. BROUGHTON-            )
FLEMING, a Minor,                          )
                                           )
      Plaintiffs,                   )    C.A. No. N14C-01-185 MMJ
      v.                            )
                                           )
PETER J. WONG M.D., and                    )
DEDICATED TO WOMEN OB-GYN,                  )
P.A.,                                      )
                                           )
      Defendants.                   )
                                           )

Submitted: October 9, 2015
Decided: November 24, 2015

On Defendants' Motion for Partial Summary Judgment
**DENIED**

## OPINION

Bruce L. Hudson, Esq., Hudson & Castle Law LLC, Attorney for Plaintiffs

Richard Galperin, Esq., and Joshua H. Meyeroff, Esq. (Argued), Morris James LLP, Attorneys for Defendants

**JOHNSTON, J.**

# FACTUAL AND PROCEDURAL CONTEXT

The issue in this case is whether certain of the claims for past medical expenses are barred by the statute of limitations. If the claims must be brought by the minor child's guardian, they are time-barred. If past medical expenses claims may be asserted by the injured child, the six-year state of limitations applies.

On January 20, 2014, Plaintiff Monica Broughton ("Guardian"), individually and as the parent and guardian of Amari M. Broughton-Fleming ("Amari") (collectively "Plaintiffs"), filed this medical negligence action against Peter J. Wong, M.D. ("Dr. Wong") and his practice, Dedicated to Women OB-GYN, P.A. ("Dedicated to Women") (collectively "Defendants"). Guardian alleges that Dr. Wong applied excessive downward traction to deliver Amari on April 9, 2008. Amari presented with shoulder dystocia. Guardian claims that medical negligence caused Amari to sustain a permanent injury to the right brachial plexus, Erb's Palsy with C5-C6 upper trunk avulsion and suprascapular nerve injury on the right side.

Guardian was appointed Next Friend of Amari by Order of this Court on March 13, 2014. On April 23, 2014, Defendants filed their Answer to Plaintiffs' Complaint, denying all allegations of medical negligence. No affirmative defenses were raised.

On April 24, 2015, Defendants filed this Motion for Partial Summary Judgment as to Claims by Plaintiff Monica Broughton.

## SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[1] All facts are viewed in a light most favorable to the non-moving party.[2] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific circumstances.[3] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[4] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[5]

## ANALYSIS

An injury occurs either at the "date the wrongful act or omission occurred,"[6] or "at the time of the last act in the negligent medical continuum."[7] Following the injury, a plaintiff then has two years from the date of the injury to bring a medical

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Hammond v. Colt Indus. Operating Corp.*, 565 A.2d 558, 560 (Del. Super. 1989).
[3] Super. Ct. Civ. R. 56(c).
[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[6] *Dunn v. St. Francis Hosp., Inc.*, 401 A.2d 77, 80 (Del. 1979).
[7] *Id*.

negligence claim.[8]  If the injury "was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person,"[9]  the plaintiff has three years to bring a claim.  Plaintiffs under the age of six have until their sixth birthday to bring a claim.[10]

By enacting Section 6856, the General Assembly recognized that many injuries take time to reveal their full extent of harm.  Additionally, by extending the statute of limitations for minors, the General Assembly intended that minors not be penalized for their parents' inaction or delay in bringing an action on their behalf.

Defendants claim that Plaintiffs have waived their claims for Amari's medical expenses because Guardian is not pursuing any claims in her individual capacity.  Defendants argue that parents are "the proper party to recover medical expenses for an injured minor"[11]and are **required to** bring claims for a minor's past medical expenses as "the parties responsible for the child until he or she reaches the age of majority."[12]

---

[8] 18 *Del. C.* § 6856(1).
[9] *Id.*
[10]18 *Del. C.* § 6856(2).
[11] *Myer v. Dyer*, 643 A.2d 1382, 1386 (Del. Super. 1993).
[12] *Bayside Health Assoc. v. Del. Ins. Guar. Assoc.*, 2006 WL 1148667, at *5 (Del. Super. 1993); *Hobbs v. Lokey*, 183 A. 631, 632 (Del. Super. 1936) ("The father is primarily liable for [the expenses alleged to have been incurred]. He was, and is, liable for the support and maintenance of his minor son; and it cannot be presumed that he will not meet his obligations.").

4

Defendants' reliance on *Bayside Health Association v. Delaware Insurance Guaranty Association*,[13] and *Hobbs v. Lokey*[14] is misplaced. Neither case addressed whether Delaware's statute of limitations bars a parent's claims on behalf of a child. However, in both cases, the Court characterized a minor's parents as having a **right** to bring a claim for past medical expenses on behalf of the minor.[15]

In *Myer v. Dyer*,[16] parents filed suit on behalf of their child as guardians *ad litem*. The child was injured at birth. The Court dismissed the parents' claims, finding that they were filed well beyond the statute of limitation. Defendants then moved to dismiss the child's claim for past medical expenses. The Court denied the dismissal, and held that a separate cause of action had been filed for the child. Therefore, the minor could seek to recover past medical expenses.[17] This Court reasoned that "appointing the adult plaintiffs as guardians *ad litem* manifests a clear intention on their part to bring a separate action on behalf of [the minor]."[18]

The Court finds that Amari can seek to recover past medical expenses incurred while a minor. There is no requirement that a parent bring a claim for

---

[13] 2006 WL 1148667 (Del. Super. 1993).
[14] 183 A. 631 (Del. Super. 1936).
[15] *Bayside*, 2006 WL 1148667, at *5 ("However, it is the parents, as the parties responsible for the child until he or she reaches the age of majority, who are the proper parties to seek compensation[.]"); *Hobbs*, 183 A. at 632 ("The father is primarily liable for [the expenses alleged to have been incurred]….He has a right of action to recover the loss and damage accruing to him.").
[16] 643 A.2d 1382 (Del. Super. 1993).
[17] *Id.* at 1387.
[18] *Id.*

medical expenses on behalf of their child. The only necessary legal procedure is that a minor must assert claims through a court-appointed representative. The General Assembly clearly intended that minors not be penalized for their parent's inaction or delay in bringing an action on their behalf.

The Court finds that there is no public policy justification for time-barring past medical expenses under these circumstances. There are no individual claims asserted by Guardian. All claims are essentially derivative for the benefit of the child. All proceeds will be held in trust for care of Amari. If past medical expenses were to be time-barred, Defendants would receive a windfall.

## CONCLUSION

The claims for past medical expenses are for the benefit of the child. The six-year statute of limitations pursuant to Section 6856 applies. The past medical expenses are not time-barred. Although Guardian could have sought past medical expenses in her individual capacity, all claims are derivative of the child's claim for medical negligence. The child's rights prevail.

**THEREFORE,** Defendants' Motion for Partial Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

6