# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OLENA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N23C-07-035 CLS |
| WILLIAM CAREY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: September 5, 2023
Date Decided: December 15, 2023

*Upon Defendant's Motion to Dismiss.* **GRANTED.**

## ORDER

Olena Smith, Newark, Delaware, 19711, *pro se*.

Ronald W. Hartnett, Jr., Esquire, Law Offices of Cobb & Logullo, Wilmington, Delaware, 19806, Attorney for Defendant, William Carey.

**SCOTT, J.**

This 15th day of December 2023, upon consideration of William Carey's ("Mr. Carey") Motion to Dismiss for failure to state a claim upon which relief can be granted, failure to include a real party of interest and pursuant to the Statute of Limitations and Plaintiff Olena Smith's ("Ms. Smith") Response, it appears to the Court that:

1. Ms. Smith filed her Complaint in this matter on July 10, 2023, arising from an incident involving Ms. Smith's 10-year-old daughter, Katia, and an 8-year-old boy Ms. Smith believes to be Mr. Carey's son, Elijah at a swim club occurring on July 10, 2021.

2. In her Complaint, naming herself as the Plaintiff, Ms. Smith contends Katia, while playing at a swim club's playground, was struck in the face with a plastic Captain America shield causing her to lose 85% of a front tooth. The accident caused Katia to need a partial root canal and veneer now, however, she may require a full root canal, a crown and/or an implant in the future.

3. According to the Complaint, after Katia told Ms. Smith she was hit with a shield and once she "understood that a boy dressed like Captain America hit her," she began searching for the Captain America boy. She could not find any child with a cape or shield but spotted both items on a blanket by

2

the fence and there was a boy sitting away from the blanket without parents.

4. Further, according to the Complaint, "Both Katia and [Ms. Smith] have been deeply affected by this incident," the Complaint further described how "distraught" Katia was from the incident and how "[i]t has been an incredible amount of stress of a child who is kind and calm. Unfortunately the ordeal is far from over, therefore [Ms. Smith is] seeking financial compensation to help ease the burden that this traumatic and painful experience has cause to no fault of her own." The Complaint concludes with Ms. Smith's alleged damages including the past medical and dental expenses, future projected treatments and emotional distress compensation totaling $14,955.

5. On August 9, 2023, Mr. Carey filed this Motion. Mr. Carey sought dismissal pursuant to Superior Court Civil Rule 17(a) & 12(b)(6). Relying on Rule 17(a), Mr. Carey argued that every action shall be prosecuted in the name of a "real party of interest". Mr. Carey points out that the "real party of interest" for both Plaintiff and Defendant is the minor children and not the parents who are listed. Relying on 12(b)(6), Mr. Carey argues there is no allegation of a claim upon which relief may be granted and no specific reference to any negligence or actions on the part of Mr. Carey listed in the

3

complaint. Mr. Carey argues the Court is left with simply a letter of complaint without any allegations of wrongdoing by any party involved in the incident at issue.

6. Superior Court Civil Rule 17(a) provides in pertinent part: Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." As explained, party of interest refers only to the plaintiff. Therefore, the question is whether Ms. Taylor is a party of interest. This Court has held that a parent, being the liable party, is the proper party to recover medical expenses for an injured minor.[1] Accordingly, this Court will not dismiss Ms. Taylor's Complaint on Rule 17(a) grounds.

---

[1] *Myer v. Dyer*, 643 A.2d 1382, 1386 (Del. Super. Ct. 1993) (citing *Hobbs v. Lokey*, Del.Super., 183 A. 631 (1936); *Mancino v. Webb*, Del.Super., 274 A.2d 711 (1971)).

4

7. This Court's standard of review on a motion to dismiss is well-settled. The plaintiff's burden to survive dismissal is low.[2] The Court must accept all well-pled allegations as true.[3] The motion will be denied when the plaintiff is able to prove any facts entitling him to relief.[4] "Delaware is a notice pleading jurisdiction and the complaint need only give general notice as to the nature of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[5] Even if an allegation is "vague or lacking in detail, [it] is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[6] If a complaint gives sufficient notice, the burden then shifts to the defendant to "determine the details of the cause of action by way of discovery for the purpose of raising legal defenses."[7] The motion will be granted "only where it appears with

---

[2] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[3] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009) (citing *Anglo Am. Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148–49 (Del. Ch. 2003)).

[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978) (citations omitted).

[5] *Nye v. Univ. of Delaware*, 2003 WL 22176412, at *3 (Del. Super. Sept. 17, 2003).

[6] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995).

[7] *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952).

reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[8]

8. Also, when appropriate, this Court will hold a pro se Plaintiff's complaint to a less demanding standard of review.[9] However, "there is no different set of rules for pro se plaintiffs,"[10] and this Court will accommodate pro se litigants only to the extent that such leniency does not affect the substantive rights of the parties.[11]

9. Neither the facts of this case nor the claims which Plaintiff is seeking is entirely clear. The Court cannot tell the type of action Ms. Carey seeks here, whether it be an intentional tort or in negligence. If Ms. Carey is attempting sue for negligence of the child, assuming she does not need to plead with particularity as required in Delaware, she fails to plead any facts

---

[8] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998) (citing *Spence*, 396 A.2d at 968).

[9] See, e.g., *Vick v. Haller*, 522 A.2d 865, *1 (Del.1985) ("A pro se complaint, however inartfully pleaded, may be held to a somewhat less stringent technical standard than formal pleadings drafted by lawyers...."). Cf. *In re Estate of Hall*, 882 A.2d 761 (Del.2005) ("While this Court allows a pro se litigant leeway in meeting the briefing requirements, the brief at the very least must assert an argument that is capable of review.").

[10] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del.2001).

[11] *Alston v. State*, 2002 WL 184247, *1 (Del.Super.Ct.2002) ("While procedural requirements are not relaxed for any type of litigant (barring extraordinary circumstances or to prevent substantial injustice), the Court may grant pro se litigants some accommodations that do not affect the substantive rights of those parties involved in the case at bar.").

to go toward negligence. If Ms. Carey is attempting to sue for an intentional tort, there is no allegation of intention. Even when taking all of Plaintiff's allegations as true for purposes of a motion to dismiss, Plaintiff has not established reasonable circumstances and inferences wherein she could recover against Defendant for any claim, even if this Court could try to narrow down what the Ms. Carey is asking for. Accordingly, Plaintiff has failed to state a claim on which relief can be granted.

10. For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.


**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**
